# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| JOHNNY MAYALA GEORGES | : | DOCKET NO. 6:17-cv-0495 Section P |
|---|---|---|
| VS. | : | JUDGE DOHERTY |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently before the court is a pleading styled as a "Motion to Reopen Case to Honor Due Process by the Constitution" filed by *pro se* petitioner, Johnny Georges. The pleading was filed in the United States District Court for the Southern District of Florida.. However, that Court construed the pleading as a petition for writ of *habeas corpus* relief filed pursuant to 28 U.S.C. § 2241 and transferred the case to this court because petitioner is currently detained at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. [rec. doc. 4]. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

The record reveals that petitioner, a native of Haiti, was ordered removed to England or Haiti on November 2, 2008, by an immigration judge in Miami, Florida during a telephonic hearing. [rec. doc. 1, pg. 5 and 1-1, pg. 4]. Petitioner alleges

that the DHS/ICE expedited his immigration hearing prior to his release from state custody. He further alleges that he paid a Miami based attorney $1500.00 to represent him before the immigration court, but that the attorney did not appear for the hearing. Petitioner claims that he told the immigration judge that he could not "handle this on my own I'm waiting on my Lawyer." However, the immigration judge nevertheless ordered that petitioner be removed. Petitioner claims that he received ineffective assistance of counsel at his 2008 immigration hearing and that the immigration court denied him due process. Petitioner therefore requests that this Court "remand or decide [his case] on the merits". [rec. doc. 1, pg. 5-6].

The record further reveals that petitioner has apparently been released from state custody and was arrested by ICE. On March 7, 2017, petitioner received notice that a hearing would be set before the immigration court in Oakdale, Louisiana. [rec. doc. 1-1, pg. 7-8]. The record des not reveal the result of that proceeding.

In light of the above, it is clear that petitioner contends that his removal order is unconstitutional as it was allegedly obtained in violation of his right to effective assistance of counsel and right to due process.

## LAW AND ANALYSIS

**Jurisdiction**

As a threshold matter, this court must consider its jurisdiction to review

petitioner's challenge to his removal order.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005. *See* Pub.L.No.109-13, Div. B, 119 Stat. 231.[1] Section 106 of this Act specifically addresses judicial review of removal orders.[2] Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a)[3] to clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. These jurisdictional amendments became effective upon enactment of this Act. *See* § 106(b). Thus, the Fifth Circuit and this District Court have repeatedly held the REAL ID Act has divested federal district courts of jurisdiction over § 2241 petitions attacking removal orders. *See Rosales v. Bureau of Immigration*

---

[1] The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

[2] The INA no longer uses the term "deportation", but rather now refers to the process as "removal."

[3] Section 106(a)(1)(A)(iii) of the Real ID Act adds the following language to INA § 242(a): (5) EXCLUSIVE MEANS OF REVIEW.-- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory). Codified at 8 U.S.C. § 1252(a)(5).

*& Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1055 (2006) (after REAL ID Act, appellate court is now exclusive forum for challenge to removal order); *Anter v. Holder*, 2012 WL 1981822, *2 (W.D. La. 2012) *citing Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006) (REAL ID Act explicitly forecloses *habeas* review of removal orders), *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 511 (5th Cir. 2006) (*habeas* jurisdiction to review removal orders issued on basis of alien's conviction of aggravated felony foreclosed by REAL ID Act); *Merlan v. Holder,* 667 F.3d 538, 539 (5th Cir. 2011); *Castillo-Perales v. Holder*, 411 Fed.Appx. 695, 695-696 (5th Cir. 2011)*; Villatoro-Avila v. ICE,* - - Fed. Appx. - -, 2016 WL 6775939 (5th Cir. 2016); *Moreno v. Dixon*, 558 Fed. Appx. 403 (5th Cir. 2014).[4]

In light of this legislation and binding Fifth Circuit jurisprudence, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition which challenges his removal order.

Further, because this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.[5] *See Anter,* 2012 WL 1981822 at *2 *citing Castillo-*

---

[4]Moreover, the Court notes that aliens have no Sixth Amendment right to counsel at deportation hearings. *Rosales*, 426 F.3d at 736.

[5]Section 106(c) of the Real ID Act states as follows:
(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, **is pending in a district court on the date of the enactment of this division**, **then the district court shall transfer the case** (or the part of the case that

*Perales*, 411 Fed.Appx. at 696, *Mansoor v. Gonzales,* 188 Fed.Appx. 273 (5th Cir.2006) and *Chen v. Gonzalez*, 435 F.3d 788, 790 (7th Cir. 2006); *Moreno*, 558 Fed. Appx. at 404.

Therefore **IT IS RECOMMENDED** that this petition be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

---

challenges the order of removal, deportation, or exclusion) **to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act** (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply. (emphasis added).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, April 17, 2017.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**